### BERNARD FREIBERG V. PAULINE DE LAMAR.

#### No. 560.

**1. Guardian's Powers.**—A guardian, having taken a mortgage to secure money of her ward loaned out, has no power, without authority from the Probate Court, to discharge the borrower from his liability for the debt, release the lien by which it is secured, or take a new note and other security for the loan.   The first mortgage was not released by such acts, and a subsequent purchaser, having knowledge of the existence of the mortgage, is charged with notice of the want of power of the guardian.

**2. Effect of Approval of Guardian's Accounts by Probate Court.**—The approval of an account of the guardian, wherein she reported that she had had the note of the borrower, including interest, renewed, and had taken a deed of trust on 350 acres of land, which she believed worth the money due by the debtor, will not be allowed by implication to have the effect of curing the illegal acts of the guardian to the prejudice of the minor.

**3. Effect of Probate Order Allowing Credits on Second Note.**—An order of court allowing certain credits upon the second note appears to have been made upon the ex parte account of the guardian, and was not binding upon either the debtor or the subsequent purchaser.   Not being an estoppel upon them, it could not have such effect in their favor.

**4. Subrogation.**—As the second mortgage was given to secure a debt charged against the property sold by the borrowers by warranty deed, the purchaser of it, in case his property shall be taken to satisfy that claim, is entitled to be subrogated to the rights of the guardian under that mortgage.

**5. Attack on Privy Acknowledgment of Wife.**—When the certificate of the officer taking the acknowledgment of a wife is in proper form, and there is no charge of fraud or misconduct on his part or the husband's, the mere fact that the instrument may not have been explained to the wife privily and apart from her husband, will not authorize the setting aside of the instrument, and the application of the rule is not dependent upon the question whether the beneficiary was or was not an innocent purchaser.   Aside from fraud or undue influence, the officer's certificate furnishes conclusive evidence that the acknowledgment was made as recited.

6. **Warranty of Married Woman.**—A married woman who joins in a warranty deed of property sold by her husband, which was not her separate property, can not be held personally thereon.

APPEAL from Rusk.  Tried below before Hon. W. J. GRAHAM.

*N. B. Morris,* for appellant.—1. When a guardian releases one security for a debt and surrenders the note, and afterwards takes a note in lieu and substitution therefor, with security on other property, and reports such proceedings to the Probate Court, and it is there approved, such action is legal and binding upon the ward, and the taking of such second security, and the approval by the proper court, operates as a release of the former security, and such judgment of the Probate Court is final, and can not be collaterally attacked.

2. When a judgment has been rendered by the Probate Court allowing claims or credits on a note held by a guardian, such judgment is binding and can not be attacked collaterally nor set aside except in the manner prescribed by law. Robertson v. Johnson, 57 Texas, 62; Heath v. Layne, 62 Texas, 686; Butler v. Stevens, 77 Texas, 599; Brown v. Christie, 27 Texas, 77; Edwards v. Halbert, 64 Texas, 667; Tom v. Sayers, 64 Texas, 339; 9 Am. and Eng. Encyc. of Law, p. 135, note 4; Gilenwaters v. Scott, 62 Texas, 670; Alexander v. Maverick, 18 Texas, 179.

3. Where husband and wife join in a conveyance of real estate by warranty deed, and the title fails, and the grantee by proper pleadings prays a judgment against them on their warranty, to which they make no defense, it is the duty of the court to render a judgment against them.

4. A certificate of acknowledgment made by a proper officer showing the execution of a deed of trust by a married woman ought to be and is conclusive of the facts therein stated, and can not be set aside except for deceit. Davis v. Kennedy, 58 Texas, 516; Williams v. Pouns, 48 Texas, 141; Pool v. Chase, 46 Texas, 210; Kocourek v. Marak, 54 Texas, 205.

*J. H. Turner,* for appellee.—1. A guardian can not release a mortgage debt due his ward without an order of court. Smith v. Dibrell, 31 Texas, 239; Id., 40 Texas, 448; McDuffin v. McIntyre, 32 Am. Rep., 500.

2. The court would have no power to order the release of a claim due a minor without consideration, and so its judgment approving such a release when made without first having an order would not make the act valid. And even though there was an order to sell and report of sale and approval, if the party fails to pay the price the fact may be shown in a collateral proceeding, and the ward recover the land. Glass-

gow v. McKinnon, 79 Texas, 118; Calloway v. Nichols, 47 Texas, 331; Judson v. Sierra, 22 Texas, 370; Wright v. Heffner, 57 Texas, 524; Rainey v. Chambers, 56 Texas, 19.

Must show that the identical matter was directly involved and passed upon to bind ward: Sheffield v. Goff, 65 Texas, 357; Philipowski v. Spencer, 63 Texas, 607.

Though order stand, deed may be vacated by suit in District Court. McCampbell v. Durst, 73 Texas, 420.

3. A party who purchases property from a trustee with notice takes it charged as it was in the hands of the trustee. This is universal. Jones v. Lee, 22 S. W. Rep., 396; Kennedy v. Baker, 59 Texas, 162, 163.

*W. C. Buford*, for Lou C. Merritt. — 1. The action of the court in cancelling the mortgage was correct.

2. The action of the court in refusing to render judgment against appellee Lou C. Merritt on the warranty was also correct, and if these two propositions are sound and correct in law, and amply supported by the evidence and the findings of the jury, then in so far as this appellee is concerned the judgment of the District Court ought to be affirmed.

3. The mortgage from J. F. Merritt and Lou C. Merritt to Virginia De Lamar was void. Berry v. Donley, 26 Texas, 737; 25 Texas Supp., 109; 29 Texas, 129; 48 Texas, 619; 8 Texas, 397; 22 Texas, 133; 33 Texas, 91; 62 Texas, 108; 79 Texas, 425.

4. The action of the court in refusing to render judgment against Lou C. Merritt on the warranty signed by herself and husband, J. F. Merritt, so as to charge her separate estate, was not error. 29 Texas, 257; 21 Texas, 230; 23 Texas, 625; 1 Texas, 481; 24 Texas, 215; 27 Texas, 96; 42 Texas, 320; 45 Texas, 575.

WILLIAMS, ASSOCIATE JUSTICE.—Mrs. Jennie De Lamar, as guardian of Pauline De Lamar, on the 9th day of October, 1894, loaned to J. F. Merritt the sum of $2150 of the funds belonging to the ward, and took as security a mortgage on real estate in the town of Henderson, known as the Sunny South saloon. This transaction was reported to and approved by the Probate Court. On the 23rd day of August, 1887, Mrs. De Lamar made the following indorsement on the note, "Received the principal and interest in full," which was signed by her as guardian. At the same time she executed to appellant, Freiberg, a release of the mortgage, reciting that it was made in consideration of the payment to her by Freiberg of the Merritt note, which payment was acknowledged. This release was executed upon the understanding that the note was to be paid by Freiberg, which was not in fact done. At the same time Merritt and wife executed a deed to Freiberg for the mortgaged lot in consideration of $6500, which was paid to Merritt by

Freiberg, partly in money and partly in a debt which he owed the firm of Freiberg, Klein & Co. The guardian had received no authority from the Probate Court to release either note or mortgage, and Freiberg knew of the mortgage, and that the note was not paid when he bought from Merritt. On the 1st day of March, 1889, Merritt, joined by his wife, executed to Mrs. De Lamar, as guardian, a new note for the amount of principal and interest due upon the loan, and a mortgage on 350 acres of land, the separate property of Mrs. Merritt, to secure it. At the September Term, 1890, of the Probate Court, Mrs. De Lamar filed an account, in which, among other things, she stated, "that she had the $2150 note of J. F. Merritt, including interest thereon, renewed for $3017.80, and had taken a deed of trust on 350 acres of land, well improved, which she believed well worth the money owing by said Merritt." At the December Term, 1890, the court entered an order as follows: "The annual account of the guardian coming on to be heard, and it appearing to the court to be in all things correct, it is approved and ordered recorded." At the same time the guardian was required to make a new bond, by the March Term, 1891, which she failed to do.

The money due upon the loan to Merritt is wholly unpaid, except $184.45, paid January 1, 1889, and $200, paid January 6, 1891.

On the 16th day of October, 1891, this suit was brought in behalf of the minor, Pauline De Lamar, by next friend, against Merritt and Freiberg, to recover of the former the amount of the original note, and to foreclose as against them both the lien on the Sunny South saloon.

Merritt made no defense. Freiberg set up the release by Mrs. De Lamar of the first note and mortgage, and the taking of the new note and mortgage, and the action of the Probate Court, above set forth, in bar of the action. He alleged that certain payments had been made by Merritt on the debt which had not been credited; and caused Mrs. Merritt to be made a party, and asked that the plaintiff be required to exhaust the security afforded by the second mortgage before subjecting his property, or that in case his property be subjected, he be subrogated to the right of the plaintiff against the Merritts, and be allowed to enforce the lien on the 350 acres of land; and further prayed for judgment against the Merritts on their warranty of title of the property purchased by him, in case his land should be sold.

Mrs. Merritt defended against the foreclosure of the mortgage on 350 acres of land, alleging generally that she had been "influenced and overpersuaded" by her husband to sign the instrument, and that her privy acknowledgment had not in fact been taken by the officer as certified to by him, and that all of these facts were known to Mrs. De Lamar. There was no allegation of fraud on the part of the officer who took the acknowledgment, or of Mrs. De Lamar, or of any one connected with the transaction.

The case was tried by a jury, and a part of the facts above stated were admitted and are recited in the judgment, and others were found by the jury upon special issues submitted. All of the facts which we have stated are thus established; but there is no statement of facts showing the evidence which was adduced upon the trial of the issues submitted to the jury.

Concerning the execution of the mortgage on 350 acres of land by Mrs. Merritt, the jury found that the officer who certified to the acknowledgment did not take it on a privy examination, separate and apart from her husband, and did not fully explain the instrument to her; but that she did acknowledge to him that the instrument was her act and deed, and that she had willingly signed the same, and that she did not wish to retract it.

A decree was entered in favor of plaintiff against J. F. Merritt for the amount of the original note, after deducting the admitted payments, and foreclosing, as against him and Freiberg, the mortgage on the Sunny South saloon; in favor of Mrs. Merritt, cancelling the mortgage on the 350 acres of land, and denying to Freiberg any recovery on her warranty in the deed to him for the saloon property; and in favor of Freiberg against Merritt on his warranty for the amount of the debt charged on that property.

*Conclusions of Law.*—The guardian, Mrs. De Lamar, had no power without authority from the Probate Court to discharge Merritt from his liability for the debt and release the lien by which it was secured, and, notwithstanding her act in receipting the note and executing the instrument to Freiberg, the debt was not discharged, and the lien to secure it continued in full vigor. Freiberg knew of the existence of the charge against the property in favor of the minor, was charged by law with notice of the guardian's want of power to release it, and must abide the legitimate consequences of the failure to pay the debt.

The subsequent taking of the note, with other security, would not necessarily have the effect to discharge the first mortgage, even if Mrs. De Lamar had authority by her act to accomplish that result; and no facts showing an intention to substitute the new security instead of the old, and thereby discharge it, are admitted or found by the jury. Seeligson v. Mitcham, 74 Texas, 575; Graves v. Allen, 66 Texas, 589.

But, however this might be, were only the rights of Mrs. De Lamar as an individual involved, it is clear that she has no greater authority, as guardian, to discharge the former security in the second transaction than she had in the first. Unless, therefore, her act was sanctioned by the Probate Court in a way to supply such power, it must be held to have had no effect upon the first mortgage. Whatever might be the effect of a subsequent approval by the court of the release of one security and the substitution of another, by the guardian, for a debt due

the ward, it is not shown that any such action was taken. The guardian did not report that she had released the former security, nor that she had taken the new note and mortgage in satisfaction or discharge of the old; and the court in its order makes no reference to the transactions which had taken place. The release of the first mortgage is not alluded to, and there was no action of the court upon it. Guardians are properly held to a strict accountability for their acts; and while due credit should be given to the orders of the Probate Court, they should not be allowed by mere implication to have the effect of curing, to the prejudice of the minor, the illegal acts of the guardian, when it does not appear that such acts have been passed upon. The receipting of the note and the execution of the release to Freiberg by the guardian was illegal, and was never, so far as this record shows, called to the attention of the court nor approved by it. It follows, that the lien on the saloon property was left unextinguished, and could be enforced against Freiberg.

From a bill of exceptions it appears, that during the trial in the court below defendant Freiberg introduced an order of the Probate Court, at December Term, 1890, on the report of the guardian, in which Merritt was allowed credit on his original note amounting to $1459.45; and in rebuttal plaintiff was allowed to introduce another order of the same court at a subsequent term setting aside all of such credits except $384.45, the admission of which in evidence was objected to by defendant, because the former order was final and binding, it not appearing that any notice of the subsequent proceedings was given to Freiberg. Neither of these orders, nor any of the proceedings which accompanied them, are set out in the bill of exceptions, and, as we have stated, there is no statement of facts, and we can not say whether Freiberg had notice or not of the proceeding in which the second order was made. But the order allowing the credits, set up in the answer of the defendant, appears to have been made upon the ex parte account of Mrs. De Lamar, and was not binding either on Merritt or Freiberg. It was simply the act of the guardian and the court, settling matters pertaining to the accounts of the former, and established nothing as between the guardian or the ward on the one hand, or Merritt or Freiberg on the other. Not being an estoppel against the latter, it could not have such an effect in their favor. It was therefore competent, in this suit, to determine the amount of indebtedness actually due, and if it turned out that the debtor was not really entitled to the credit, the order of the Probate Court, even if standing unreversed, could not prevent the recovery of the true amount. Conceding that the report of the guardian and the order thereon constituted legitimate evidence tending to show the payments, they were open in this action to contradiction and explanation. If it be further conceded that the subsequent order of the court was in-

competent to disprove the credits, still, in the absence of a statement of facts showing what other evidence was introduced on the subject, we can not see that the ruling was prejudicial. As we have seen, it was admitted that certain payments had been made, and the jury found that there were no others. Our conclusion therefore is, that the judgment in favor of plaintiff against Merritt and Freiberg should be affirmed.

This brings us to the question arising between the defendant Freiberg and Mrs. Merritt. As the mortgage on the 350 acres of land was given by Merritt and wife to secure the debt charged upon the property which they sold to Freiberg under a warranty deed, we think that the latter, in case his property shall be taken to satisfy that claim, will be entitled in equity to be subrogated to the rights which plaintiff has under that mortgage. He has not the right, however, to require the plaintiff to first resort to the other security, since the minor's rights to enforce the original lien are not impaired nor affected by the subsequent transaction.

Neither the pleadings nor the facts found authorize the setting aside of the mortgage in Mrs. Merritt's favor. The only facts found are, that the acknowledgment by the wife was not made, and the instrument was not explained to her privily and apart from her husband.

There is no charge of fraud or other misconduct on the part of the officer or of the husband, or of Mrs. De Lamar. Under the decisions in this State, the certificate of the officer is conclusive evidence of the facts stated in it, until it is avoided by pleading and proof of some such ground.

In the case of Hartley v. Frosh, 6 Texas, 216, Chief Justice Hemphill laid down the rule which has ever since been followed: "To impeach the veracity of the certificate, it will not be sufficient to allege that there was no privy examination; that she did not acknowledge the same to be her act and deed, etc. There must be some act alleged showing fraud, as, for instance, that there was a fraudulent combination between the notary and the parties interested. The certificate in this case is in conformity with the statute, and can not be impeached merely by saying that she was not examined privily and apart from her husband."

The application of this rule is not dependent upon the question, whether or not the beneficiary is technically an innocent purchaser. That question becomes important when fraud or undue influence upon the wife is established. Where this has been done, one who has paid no consideration, or participated in or had notice of the wrong, can not escape its consequences upon the conveyance. It is otherwise, even in such cases where the purchaser pays value and has no notice. But aside from fraud or undue influence, the officer's certificate furnishes the conclusive evidence of the fact that the acknowledgment

was made as recited. And this is true whether a new consideration was advanced upon the faith of the acknowledgment or not. In this case there was a consideration sufficient to support the contract, whether under it Mrs. De Lamar could be treated as an innocent purchaser or not.

The saloon property was not the separate property of Mrs. Merritt, and, though she joined in the deed to Freiberg, she can not be held liable personally upon her warranty.

The judgment as between Freiberg and Mrs. Merritt and Lou C. Merritt is reversed, and the case remanded for a new trial upon the issue of the validity of the mortgage upon the 350 acres of land, and in order that the judgment as to Merritt's liability on this warrant may be rendered in accordance with the result of said trial. In other respects the judgment is affirmed.

*Affirmed in part.*

Delivered May 17, 1894.

Application for a writ of error refused by the Supreme Court, October 31, 1894.