### RHOTON et ux. v. TEXAS LAND & MORT-GAGE CO. et al.

### No. 3938.

Court of Civil Appeals of Texas. Amarillo.

Jan. 4, 1933.

Rehearing Denied Feb. 8, 1933.

Lockhart, Garrard & Brown, of Lubbock, for appellants.

Coke & Coke, of Dallas, and Morrison & Morrison, of Big Spring, for appellees.

JACKSON, J.

This is an appeal from an order of the district court of Howard county refusing the appellants D. A. Rhoton and wife, Fannie Rhoton, a temporary writ of injunction restraining the appellees, the Texas Land & Mortgage Company, beneficiary, and J. W. Mitchell, trustee, from selling 5,777 acres of land under the terms of a deed of trust given by appellants to appellees.

The appellants allege that on December 6, 1926, they, for the purpose of securing the beneficiary in the payment of three notes aggregating the sum of $36,000 with interest at the rate of 8 per cent. per annum, executed and delivered a deed of trust conveying to the trustee nine sections of land situated in Howard county, Tex., which is fully described in their petition.

They allege that they have defaulted in the payment of two of said notes for $6,500 each and that appellants are threatening to sell, and will sell, if not enjoined, all of said land under the terms of said deed of trust to satisfy all of said notes. They charge that the deed of trust was and is void and cre-

ated no lien against the property because their acknowledgments thereto were taken before a notary public, Claude Wolf, who was the agent of and received a commission from the Texas Land & Mortgage Company and was financially interested in securing the loan. That four sections of said land, designating them, were the separate property of appellant Fannie Rhoton, and that no lien was created against said four sections because in taking her acknowledgment to the deed of trust she was not examined by the notary privily and apart from her husband.

The appellees answered by general and special exceptions and specially denied that Claude Wolf was their agent, asserted that they had no knowledge of his connection with the transaction and that Burdine, Ireton & Cowsert had no authority to appoint a subagent, and that appellees never paid the said Wolf any sum whatever, and alleged that $35,646.93 of the $36,000 loan was used to pay pre-existing lien indebtedness against the land, to which the appellees became subrogated, and that Mrs. Rhoton is estopped by false representations to assert that any of said land was her separate property.

The testimony shows that Burdine, Ireton & Cowsert, who resided at Lamesa, Tex., were the correspondents of appellee Texas Land & Mortgage Company; that they advised Claude Wolf, the cashier of the First State Bank of Coahoma, in Howard county, that they were making loans for said land and mortgage company, and agreed to split with him their commissions on any loans he secured, and furnished him blanks upon which application for a loan should be made. That he obtained the application of appellants, sent it to Burdine, Ireton & Cowsert at Lamesa, who forwarded it to the land company at Dallas, where the notes, the deed of trust, and other papers connected with the loan were prepared by said company and sent to their correspondents at Lamesa and by them forwarded to Claude Wolf, who, after securing the signatures and acknowledgments of appellants to such papers, sent them direct to the loan company at Dallas. That the loan was consummated, and thereafter Burdine, Ireton & Cowsert paid Wolf $350 for his services in securing the loan. There is testimony to the effect that Burdine, Ireton & Cowsert had no authority to appoint a subagent and the appellees knew nothing of the arrangement between them and Claude Wolf; that appellees paid Wolf no compensation for his services and were not informed that he was receiving a commission on account of securing the loan; that the correspondents of the loan company did not know that Wolf was the notary who took appellants' acknowledgment until after the loan had been consummated; that the four sections of land

claimed as the separate property of Fannie Rhoton were conveyed to her by her husband prior to the time the loan was obtained from the land company; that in the application for the loan each of the appellants represented by affidavit that the title to the property was in D. A. Rhoton; that appellants obtained the loan for the purpose of paying certain notes secured by valid and subsisting liens against their land to the extent of $35,646.93; that the notes and deed of trust contained accelerating clauses, the appellants were in default, the appellees had declared the entire indebtedness due and were threatening to foreclose their lien by sale under their deed of trust. The record shows that each of the appellants appeared before Claude Wolf, the notary, and their joint acknowledgment was properly certified by the notary and in regular statutory form (see Rev. St. 1925, arts. 6607, 6608), but Mr. Rhoton testified that his wife's acknowledgment was taken in his presence.

■ From the testimony the court was authorized to find that Claude Wolf was not the agent of appellees; that they did not know that Wolf secured appellants as borrowers; that Burdine, Ireton & Cowsert were not authorized to employ him as subagent; that appellees paid him no commission and did not know he was to receive a commission from their agents.

■■ Under the record appellees had no actual knowledge that Wolf was financially interested in the transaction and under the law notice of his interest was not imputable to them. "The relation of principal and agent must exist in order to charge one person with another's knowledge, and the knowledge of a person who is not, in fact, the agent of another cannot be imputed to the latter." 2 C. J. 864. See, also, Stringfellow v. Braselton, 54 Tex. Civ. App. 1, 117 S. W. 204; Marx v. Luling Co-Operative Association, 17 Tex. Civ. App. 408, 43 S. W. 596.

■ The appellants failed to plead or prove any fraud or coercion perpetrated upon or any undue influence exercised over Fannie Rhoton in connection with the taking of her acknowledgment.

"In this state the rule is firmly established that where a married woman, who has, with her husband, signed a deed conveying her separate real estate, appears before an officer authorized by law, for the purpose of acknowledging the conveyance, and the officer fails to do his duty in taking such acknowledgment, but makes a certificate which shows a full compliance with the law, such certificate is conclusive upon the married woman in favor of an innocent vendee who paid value for it without notice that the officer failed to perform his duty as required by law." Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796, 797, 66 Am. St. Rep. 920.

"The rule is well settled in this state that the certificate of the officer taking an acknowledgment of a married woman is conclusive of the facts therein set forth, unless fraud or imposition is alleged. Hartley v. Frosh, 6 Tex. 208, 55 Am. Dec. 772; Brand v. Colorado Salt Co., 30 Tex. Civ. App. 458, 70 S. W. 578; Oar v. Davis, 105 Tex. 479, 151 S. W. 794; Essex v. Mitchell (Tex. Civ. App.) 183 S. W. 402; Stringfellow v. Brazelton (Tex. Civ. App.) 142 S. W. 938; Freiberg v. De Lamar, 7 Tex. Civ. App. 263, 27 S. W. 151." Cox v. Sinclair Gulf Oil Co. (Tex. Civ. App.) 265 S. W. 196, 198.

"As against an innocent purchaser for value a certificate of a married woman's acknowledgment which is regular upon its face may not be impeached by showing that the acknowledgor was not separately examined, did not act willingly, or did not understand the import of the writing; nor by showing that the officer failed properly to explain the contents of the instrument; nor by evidence of a secret undisclosed intention of the acknowledgor. And it has been held that when an instrument was explained to a married woman through an interpreter of her own selection, she may not be heard to say that such person was incompetent or corrupt or that he failed to interpret correctly. Similarly, a certificate which is in proper form may not be impeached as to one without notice because of drunkenness of the officer, or by showing that the acknowledgment was taken over the telephone. It is also the rule that an instrument which appears upon its face to have been regularly acknowledged imparts notice when recorded, and its effect as a record may not thereafter be impeached by showing that the officer who took the acknowledgment was interested in the lands, that the acknowledgment was taken outside the territorial limits of the officer's appointment, or that the officer was exercising incompatible offices." 1 Tex. Jur. 596, § 194.

Under the facts revealed in this record the court was warranted in concluding that the appellees were in the position of innocent lienholders and refusing the temporary writ of injunction.

The judgment is affirmed.