## HEXEMER et ux. v. FARM & HOME SAVINGS & LOAN ASS'N OF MISSOURI.

### No. 13725.

Court of Civil Appeals of Texas. Fort Worth.

March 18, 1938.

Rehearing Denied April 15, 1938.

Ben S. Baldwin, of Fort Worth, for appellants.

Lem Billingsley and E. C. Pannell, both of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

This suit was instituted by D. C. Hexemer and wife against the Farm & Home Savings & Loan Association, a building and loan association, chartered under the laws of the state of Missouri, and doing business in the state of Texas, under a permit duly issued under the statutes of Texas.

Plaintiffs' original petition is not in the record. Their only pleadings here are their second amended petition and supplement thereto, in answer to defendant's cross-action seeking a personal judgment against plaintiffs on a promissory note executed by plaintiffs to defendant, and for foreclosure of a deed of trust on certain real estate, executed by plaintiffs, to secure its payment. However, in plaintiffs' said amended petition there are allegations that the deed of trust was void, because the property was plaintiffs' homestead at the time, and that the note sued on showed on its face that it was tainted with usury, with further allegations of payment of usurious interest, followed by prayer for cancellation of the deed of trust as cloud upon title, and for recovery of usurious interest paid.

The court sustained special exceptions urged by defendant to several paragraphs in plaintiffs' petition, and also a general demurrer to plaintiffs' amended petition, as a whole, to which plaintiffs excepted.

The case then went to trial with counsel for plaintiffs and defendant participating, and at its conclusion judgment was rendered in favor of defendant against plaintiff D. C. Hexemer for balance due on the note in suit, with foreclosure of lien as prayed for, against them and George W. Barrow, who did not answer the cross-action. Plaintiffs have appealed.

No statement of facts has been brought here. All assignments of error presented are confined to complaints of the rulings, on the special exceptions, and general demurrer to plaintiffs' amended petition. The pleadings of both parties and exceptions sustained are reflected in our following conclusions:

It cannot be said that the obligation of plaintiffs, made the basis of defendant's cross-action and copied in defendant's pleadings, showed on its face an obligation to pay more than 10 per cent. interest on the loan made.

The cross-action was on plaintiffs' promissory note for the principal sum of $3,050, dated December 1, 1933, with interest thereon from date at the rate of 60 cents per month per hundred dollars (equal to 7.2 per cent. per annum), secured by pledge of 20 shares of capital stock subscribed by

plaintiffs in defendant company, with stipulation for a monthly payment of $38.60, out of which the interest was to be deducted, and balance applied to the principal; also for $10 per month on the shares of stock pledged for the loan until said stock be fully paid, and when so matured, its value to be applied on principal and interest then accrued on the note; with the further stipulation that under no circumstances shall the obligors be required to pay interest on the loan in excess of 7.2 per cent. per annum.

According to further allegations in defendant's cross-action, and unchallenged findings by the trial court, said note was given in renewal and extension of the following items of indebtedness: Balance due of $2,798.65, on a note, dated August 20, 1930, executed by plaintiffs, payable to Farm & Home Savings & Loan Association of Missouri, in the principal sum of $3,300, and secured by a deed of trust lien on said property, of even date therewith, which was a renewal and extension of the sum of $1,064.50, owing upon plaintiffs' former deed of trust on the same property, in favor of Clara M. Shepherd, assigned to Farm & Home Savings & Loan Association of Missouri; also the sum of $251.35, advanced by Farm & Home Savings & Loan Association of Missouri, at the special instance and request of plaintiffs, in payment of 1930, 1931, and 1932 state and county taxes, and 1931 and 1932 city taxes due and owing against the property covered by the deed of trust in controversy; also a balance of $2,235, owing upon a certain note for $2,500, dated June 27, 1930, in favor of W. E. Goodwin, and secured by a mechanic's and materialman's lien contract of even date therewith, and assigned to Farm & Home Savings & Loan Association of Missouri. All of which lien contracts were executed and acknowledged by plaintiffs in statutory form and duly recorded in records of liens in Tarrant county.

■ It is a well-established rule of decisions in this state that the subscription for stock is a separate contract from the one for payment of money borrowed, and therefore cannot be construed as a contract to pay principal or interest on the loan itself, in determining the question whether usury was charged. Wood v. Continental Savings & Building Association, Tex.Com.App., 56 S.W.2d 641; Prudential Building & Loan Ass'n v. Shaw, 119 Tex. 228, 26 S.W.2d 168, 27 S.W.2d 157.

■ Nor are the provisions of article 881a—2, Vernon's Ann.Civ.St., our building and loan association statutes, Vernon's Ann.Civ.St. art. 881a—1 et seq., authorizing loans by such associations for the purpose of "assisting its members to buy, improve or build homes, or remove incumbrances therefrom," violative of the provisions of the Constitution protecting homesteads from mortgage liens, as alleged in one paragraph of plaintiffs' petition. Especially so in this case since the note and lien in controversy here were executed to remove prior incumbrances on the alleged homestead, including a mechanic's lien and lien for delinquent taxes paid by the association. Farm & Home Savings & Loan Ass'n v. Martin, 126 Tex. 417, 88 S.W.2d 459; Standard Savings & Loan Ass'n v. Davis, Tex.Civ.App., 85 S.W.2d 333, error refused.

■ The further allegation of fraud inducing plaintiffs to execute the note were insufficient on their face to show right to cancel the deed of trust, since they were but general conclusions based upon allegations that subscriptions for capital stock in the association, required of plaintiffs as a condition for borrowing the money, was a mere subterfuge for charging usurious interest. Hatcher v. Continental Southland Savings & Loan Ass'n, 124 Tex. 601, 80 S.W.2d 299.

■ The attack made on the prior deed of trust lien, of date August 20, 1930, and on the mechanic's lien contract, of date June 27, 1930, both of which were taken up and extended by the note and lien sued on in defendant's cross-action, on the ground that their legal effect was not explained to plaintiff Mrs. Lucy Hexemer by the notary who took her acknowledgment thereto, and on the further ground that the notary taking the acknowledgment to the mechanic's lien contract was named in that contract as an arbiter to settle any disputes arising thereunder, as to whether the work was done according to specifications, were not available to plaintiffs, either as a defense to the cross-action or in support of their prayer for cancellation of the deed of trust in controversy. Hartley v. Frosh, 6 Tex. 208, 55 Am.Dec. 772; Miller v. Yturria, 69 Tex. 549, 7 S.W. 206; Cox v. Sinclair Gulf Oil Co., Tex.Civ.App., 265 S.W. 196; Adkins-Polk Co. v. Rhodes, Tex.Com.App., 24 S.W.2d 351; Rhoton v. Texas Land & Mortgage Co., Tex.Civ.App., 56 S.W.2d 678; Gore v. Citizens State Bank, Tex.Civ.

App., 88 S.W.2d 721, error refused; Sanger v. Calloway, Tex.Com.App., 61 S.W.2d 988.

Furthermore, since those liens were taken up and extended at plaintiffs' request, they are estopped to urge that objection now.

The foregoing conclusions are conclusive, even as against the plaintiffs' plea of .homestead.

The itemized statement in plaintiffs' pleadings of monthly payments made as dues on the 20 shares of capital stock hypothecated with defendant and interest on the loan does not support the allegation that the same showed plaintiffs were charged with or paid usurious interest.

The cross-action was filed on March 23, 1937, less than four years after date of the note and deed of trust on which the cross-action was based, and therefore the plea of the four-year statute of limitation was properly· overruled.

For the reasons stated, all assignments of error are overruled, and the judgment is affirmed.