GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
J. R. FENN ET UX.

Decided October 28, 1903.

**Practice—Charge of Court.**

On the trial of a cause in which the pleadings of the plaintiffs presented several issues, the court charged the jury as follows: "Both of the plaintiffs in their testimony before the jury stated and declared that they made no other contention in this suit but the question as to whether the water contract is limited to fifteen years or not, and therefore you are charged not to consider any of the other questions raised in the pleadings in regard to land, for plaintiffs have abandoned all questions in regard to the land and its title and homestead rights." Held, that the plaintiffs having failed to except to the charge, or to challenge it by cross-assignment, they must be held to have acquiesced in the court's statement of their abandonment of all issues but one.

**2.—Parol Evidence Varying Written Contract.**

In the absence of allegation and proof that a party to a written contract was not given an opportunity to read it, or was lacking in capacity to fully understand its terms and effect, the contract can not be varied by parol evidence adding a provision limiting the time of its operation to a given period.

Appeal from the District Court of Fort Bend. Tried below before Hon. Wells Thompson.

*Peareson & Peareson* and *J. W. Terry,* for appellant.

*H. L. Davidson* and *Hutcheson, Campbell & Hutcheson,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellees brought this suit to recover the value of water alleged to have been wrongfully taken and converted by appellant from a lake situate upon land belonging to appellees in Fort Bend County, and for damages for injury to said lake alleged to have been caused by the taking of said water. The petition alleged that the unlawful taking and conversion of said water began on the 1st day of January, 1898, and had continued daily up to the date of the filing of the petition. The prayer of the petition was for judgment for the value of the water taken and for damages up to the final hearing in the case in the sum of $8000, and for equity and general relief.

The defendant answered by general demurrer, general denial and plea of not guilty, and specially pleaded that the plaintiffs had by deed duly executed and delivered to defendant on April 2, 1883, conveyed to defendant a tract of 14 2-10 acres of land adjoining and abutting upon said lake, and had expressly in said deed conveyed to defendant the perpetual right to take and use water from said lake for the operation of its trains and for watering stock delivered to it for transportation, and that all the water taken by defendant from said lake was taken for the purposes stated in said deed.

The answer further set up the right to take water acquired by prescription from the long acquiescence of plaintiffs in such taking, and

also claimed the right to take same as a riparian owner of land bordering on said lake.

In reply to this answer the plaintiffs filed a supplemental petition, in which they allege that they had never knowingly executed the conveyance set out in said answer. Plaintiff R. M. Fenn, wife of J. R. Fenn, for herself, alleged that the land described in said deed was her separate property and part of her homestead, and that if the deed alleged by the defendant to have been executed by her was in fact so executed, that the notary who took her acknowledgment to said deed failed to explain to her the contents thereof, and that the same was procured by defendant from her through fraud, deceit and misrepresentation. She tendered into court the money consideration expressed in said deed and prayed for its cancellation. J. R. Fenn joined in the prayer for the cancellation of the deed, and both plaintiffs further pray for an injunction against defendant restraining it from taking and using plaintiffs' water.

Defendant filed a supplemental answer in which, among other things, it alleged that if any fraud was practiced on Mrs. Fenn, it was not a party thereto; and that in addition to the cash consideration for the deed the defendant promised to maintain a flag station for a period of fifteen years as a part of the consideration. Defendant pleaded the statute of limitations of four, five and ten years. Defendant further alleged that if any of the land was Mrs. Fenn's separate property, only an undivided interest thereof was, and that the balance was community property of herself and husband, and that they were tenants in common of the land; and that the conveyance by J. R. Fenn to it of the 14 2-10 acres of land, with the water rights, as in its original answer alleged, had been acquiesced in for many years by R. M. Fenn, and that thereby title to the same had become vested in the defendant. Defendant further alleged that if the land had ever been the homestead of the appellees, that same had long since been abandoned as a homestead. Defendant further alleged that the record showed all the land to be community property, and that it had no notice to the contrary.

Plaintiffs filed a first amended supplemental petition, in which they alleged that the notary who explained the deed to Mrs. Fenn told her that the deed only gave to the defendant the right to take water out of Clear Lake, such as may be needed in operating its trains, for watering stock that may be delivered to it for transportation, and during the period of fifteen years from the date of the execution hereof, and that the same explanation of the deed was made to her by the defendant's agent, who negotiated the trade and who also procured the notary to make to her the same explanation; that she did not know, until after the filing of this suit, that defendant was claiming any other right under such deed than that of using water for watering stock that might be delivered to it for the period of fifteen years.

The facts disclosed by the record which are material to the determination of this appeal are as follows:

The deed under which appellant claims the right to take water from

appellees' lake, as the same appears of record in Fort Bend County, omitting the description of the 14 2-10 acres of land thereby conveyed, is as follows:

"State of Texas, County of Harris. Know All Men by These Presents: That we, J. R. Fenn and R. M. Fenn, husband and wife, and residents of the county and State aforesaid, for and in consideration of the sum of two hundred and eighty-four dollars, to us in hand paid by the Gulf, Colorado & Santa Fe Railway Company, the receipt of which is hereby acknowledged, and the further agreement and consideration that the said company shall construct a switch, a part of which shall be on the right of way on our land, and establish and maintain for at least fifteen years a flag station and platform within three hundred yards of Clear lake, in Fort Bend County, do hereby bargain, sell, transfer, and convey unto the Gulf, Colorado & Santa Fe Railway Company, its successors and assigns forever, the following described tract of land, lying and being situated in Fort Bend County, State of Texas, and a part of the Thomas Barnett's grant [here follows description of land], together with all and singular the tenements, hereditaments, rights, privileges and appurtenances thereunto belonging, or in any wise incident and appurtenant. And we do hereby grant and convey to said company the right to take and use such water from Clear Lake on our premises, as may be needed by said company in the operation of its trains, for watering stock that may be delivered to said railway company for transportation, with the right to said company to construct and maintain a bridge across said lake from its railway to the tract of land above described. To have and to hold all and singular the above described and conveyed premises and property unto the Gulf, Colorado & Santa Fe Railway Company, its successors and assigns forever, and we do hereby covenant and agree to forever warrant and defend all and singular the said premises against the adverse claim or claims of any and all persons claiming or to claim the same or any part thereof.

"In witness whereof we do hereunto set our hands, this 25th day of April, 1883.

"J. R. FENN,

"R. M. FENN."

The original of this deed is lost and could not be produced upon the trial. The appellant claims that in the original deed the word "and" was written just after the word "trains" and before the words "for watering stock" in that portion of the deed conveying to appellant the right to take water from the lake. The appellees contend that the deed was just as it now appears upon record and did not contain the word "and" as claimed by appellant. The evidence upon this issue was conflicting.

An undivided one-third of the land upon which the lake is situate belongs to appellee, R. M. Fenn, in her separate right, and the remaining

two-thirds is community property of appellees. Neither the land upon which the lake is situate nor the 14 2-10 acres conveyed to appellant is or has ever been a part of appellees' homestead.

The evidence is sufficient to sustain the finding of the jury upon the issue of the value of the water taken by appellant from appellees' lake since the expiration of fifteen years from the date of the deed above set out. There is also ample evidence to sustain a finding that both of the appellees understood the contract to take water was limited to fifteen years, and that they were so told by the appellant's agent before and at the time the contract was executed, but the undisputed evidence shows that appellee J. R. Fenn had ample opportunity to read the deed and inform himself of its contents, and no issue as to his capacity to contract is raised by the pleading or evidence. The evidence is further sufficient to sustain a finding that the notary who took Mrs. Fenn's acknowledgment to the deed failed to explain its contents to her.

Upon this state of the pleadings and evidence the trial court in his charge to the jury, after stating the issues raised by the pleadings, except the issue as to whether the deed was explained to Mrs. Fenn by the notary who took her acknowledgment, and explaining to the jury what was necessary to constitute fraudulent misrepresentation submitted the case to the jury in the following language:

"If you believe from the evidence that the deed from Fenn and wife to the defendant company was not obtained by fraud, as the question of fraud is submitted in the above paragraph of this charge, but you further believe that said deed only limited the right of defendant company to take water for the use of stock purposes, then you will find for the defendant company, stating that the conveyance of water rights is limited to stock purposes only.

"But if you believe from the evidence that the deed or contract between the parties was intended to limit the water rights of the defendant company to a period of fifteen years, then you will so say in your verdict and find for plaintiffs the market value of the water at the lake for the quantity of the water taken by the defendant company from the lake since the 2d day of April, 1899, with 6 per cent interest from the time of so taking.

"Both of the plaintiffs in their testimony before the jury stated and declared that they made no other contention in this suit but the question as to whether the water contract is limited to fifteen years or not, and therefore you are charged not to consider any of the other questions raised in the pleadings in regard to land, for plaintiffs have abandoned all questions in regard to the land and its title and homestead rights."

Under this charge the jury returned the following verdict:

"We the jury find for the plaintiffs one thousand dollars with interest thereon at 6 per cent for three years and seven months." In accordance with this verdict judgment was rendered for the plaintiffs for the sum of $1215, and it was further adjudged "that the 14 2-10 acres of land be decreed to be in defendant, and that the privilege of defendant to take

water from Clear Lake ceased at the expiration of fifteen years from date of contract."

From this judgment the defendant alone has appealed. It`is clear that the charge of the court above quoted only submits to the jury the one issue of the date of the expiration of the contract. The statement in the charge that both plaintiffs and defendant declared in their testimony before the jury that this was the only question at issue, having been acquiesced in by the appellee as indicated by the absence from the record of any exception by them to the charge, or any cross-assignment questioning the accuracy of the statement, is binding upon them, and the verdict and judgment of the court below must be set aside unless the pleadings and evidence is sufficient to sustain them upon the issue on which they were rendered.

We think there is an entire absence of pleading and evidence to sustain the verdict. Aside from the allegations of homestead and of the failure of the notary to explain to Mrs. Fenn the contents of the deed, there is nothing in the pleadings to authorize the cancellation of the contract by either of the appellees, and both of these grounds for such relief were eliminated by the agreement of the parties as expressed in the charge of the court. In addition to this the evidence is undisputed that the property was not a part of appellees' homestead. The issue as to whether the contract allowed defendant to take the water for general purposes in operating its trains or only for the operation of stock trains was also eliminated by the charge. Upon the only issue on which the case was tried the pleadings alleged generally that. the contract was obtained by fraud and misrepresentation, and that the appellees understood that the right to take water would expire in fifteen years from the date of the contract, and were so fraudulently and falsely informed by appellant's agent. The contract is plain and unambiguous in its terms, and contains no limitation as to the time the right thereby granted should last. There is neither allegation nor proof that appellee J. R. Fenn was not given an opportunity to read the contract or that he was lacking in capacity to fully understand its terms and effect, nor is it even alleged that he failed to read it. On the contrary, the undisputed evidence shows that it was read by him.

Under pleadings and proof of this character it will not be seriously contended that appellees should be permitted by parol evidence of what their understanding of the contract was to add to and change in its most, essential part a solemn written instrument executed by them. Conceding that the agent of appellant did, as alleged, falsely represent to appellees that the contract was limited to fifteen years, such false representation would not entitle the appellees to have the contract canceled, because the representation was concerning a fact equally within the knowledge, or means of knowledge, of both parties. Appellee J. R. Fenn had every opportunity to inform himself of the truth or falsity of such representation, and must therefore be charged with a knowledge

of its falsity, or rather will not be heard to say that he was misled by such representation.

There being no evidence in the record to sustain the verdict of the jury, the judgment rendered thereon must be reversed.

We are further of opinion that since the undisputed evidence shows that the contract by which the appellee J. R. Fenn conveyed to appellant the right to take water from Clear Lake contains no limitation as to time, is plain and unambiguous in its terms, and that said J. R. Fenn had full opportunity to read same and inform himself of its contents, and no such relations exist between the parties as would permit him to rely upon the representation of appellant's agent as to the terms of said contract, he is conclusively bound by the terms of the contract as executed by him, and judgment should be here rendered in favor of appellant confirming its right to the use of the water in said lake for the purposes stated in said contract. In view of the undisputed fact that two-thirds of the land on which the lake in question is situate is community land, the question of whether the deed was properly executed by Mrs. Fenn becomes immaterial, since the conveyance by the husband alone passed the right of the community estate to the use of the water to the appellant and it thereby became a tenant in common with Mrs. Fenn if the deed should be held not to have passed her title. It is clear that as such tenant in common appellant would have the right to the use of the water in the lake, such use being only limited by its obligation not to thereby injure the rights of its cotenant. There is nothing in the pleadings or evidence in this case which raises any issue of injury to Mrs. Fenn's one-third interest in the lake by reason of appellant's use of the water for the purposes stated in the contract.

The judgment of the court below is reversed and judgment here rendered for appellant.

*Reversed and rendered.*