TEXAS CO. v. KEETER et ux. (No. 1073.)

(Court of Civil Appeals of Texas. El Paso. Feb. 26, 1920.)

1. PLEADING ☞214(1)—DEMURRER ADMITS AVERMENTS.

A demurrer admits the truth of the averments of the pleadings attacked.

2. MINES AND MINERALS ☞59—CONTRACT SIGNED WITHOUT READING CANNOT BE RESCINDED.

Where plaintiff did not read an oil lease, but was not prevented from so doing by any trick or device on the part of the defendant, plaintiff cannot obtain rescission of the lease on the ground that it was not as advantageous as he expected it to be.

3. MINES AND MINERALS ☞59—RESCISSION CANNOT BE ALLOWED UNLESS CHANGE IN THE CONTRACT WAS MATERIAL.

Where plaintiffs sought to have an oil lease canceled on the ground that it provided for payment of rent in April instead of January, and the only loss which plaintiffs would suffer was the loss of the use of the money for the three-month period, plaintiffs are not entitled to rescission of the lease which they failed to read before signing; the alleged change not working any substantial difference in the situation of the parties.

4. ACKNOWLEDGMENT ☞55(2)—CERTIFICATE OF WIFE'S ACKNOWLEDGMENT TO OIL LEASE HELD CONCLUSIVE.

The notary's certificate to a wife's acknowledgment to an oil lease being in due form, it is conclusive where there was no averment or proof of a fraudulent combination between the

notary and the lessees who sought to rescind the lease.

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by R. F. Keeter and wife against the Texas Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Critz & Woodward, of Coleman, for appellant.

Callaway & Callaway, of Comanche, for appellees.

HARPER, C. J. R. F. Keeter and wife brought this suit against the Texas Company to rescind a mineral lease of certain lands. The case was submitted to a jury by general charge and resulted in verdict and judgment for plaintiff, from which this appeal.

For cause of action plaintiffs allege that they were the owners of 70 acres of land (describing it); that they were occupying and using it as a homestead; that defendant, by agent, came to them for the purpose of securing an oil and gas lease; that plaintiffs agreed to execute a lease for a consideration of $100 bonus and $50 rental per year to be paid January 1st of each year; that defendant prepared the lease contract for signature, whereupon plaintiffs asked defendant's agent if it provided for the rental to be paid as per their agreement; that the instrument was very long, in fine print; that they did not know where to find the said provisions; that said agent said it was written in accordance with their agreement, that is, that the annual rental was to be paid on or before January 1, 1919, or the said lease would in all things become null and void; that plaintiffs believed and relied upon said representations as being true, and upon said consideration signed and delivered same to the defendant; that the said representations were false in that in fact it was written that the rent should be paid March 27, 1919; that, if they had known that it provided for payment March 27, 1919, they would not have executed it. They allege that the contract is void because the lands covered thereby is their homestead, and the acknowledgment of Mrs. Belle Keeter was never made thereto in the manner provided by law, in that she was never examined privily and apart from her said husband, and the notary who purported to take the acknowledgment did not explain fully or in any other manner the said instrument, and did not ask her if it was her act and deed, nor if she willingly signed the same for the purposes and considerations therein expressed, nor that she did not wish to retract it, etc.

Defendant answered by general demurrer and general denial, and specially alleged that it purchased the lease for a valuable consideration, paid cash, without knowledge or notice of any kind of any such false and fraudulent representations; is an innocent lessee for value; that all rentals have been paid according to its terms.

First. It is urged that the court erred in overruling the general demurrer.

Second. That a verdict should have been instructed for defendant.

Because: (a) There was no pleading sufficient to authorize the submission of the issue of fraud or fraudulent representations on the part of defendant or its agent in the matter of procuring said lease; (b) the pleadings are insufficient to authorize the submission of the issue of manner of taking the acknowledgment of Mrs. Belle Keeter.

It is urged that the court erred in refusing to instruct a verdict because:

"(a) The undisputed evidence shows that both plaintiffs could read and had an opportunity to read the lease and that they did not do so; (b) that they were not induced not to do so by the defendant or its agent, but, if at all, by the notary, who was a personal friend of plaintiffs; (c) that the only fraud charged is that the lease as signed provided for the payment in April instead of the 1st of January, prior thereto; (d) that, if there was any fraudulent misrepresentations in the latter respect, they were not such as to make the situation of the parties substantially different from what it would have been in the absence of the fraud," etc.

[1-3] If there is a cause of action stated in appellees' pleading, it is upon the theory that they were induced through fraudulent misrepresentations to execute a contract of lease to the lands sued for which was not in fact agreed upon by the parties; therefore the transaction, signing, and acknowledgment of the paper did not make a contract between the parties, because the minds of the parties did not meet and concur in the terms of the paper signed so as to constitute a legal agreement.

If the allegations in plaintiffs' petition are such as to sufficiently charge this state of affairs, and the proof is sufficient to sustain the allegations, plaintiffs are entitled to recover. Since in urging a demurrer defendant admits the truth of plaintiffs' allegations, and since some of appellant's propositions in support of its contention that it should have had an instructed verdict are predicated upon the theory that no cause of action has been proven, that which shall be next written will apply to both assignments as indicated.

The petition does allege that the lease sought to be voided or rescinded does not track the agreement of the parties theretofore had in that the first annual payment of rental of $50 was fixed therein for April when in fact the agreement was that it should be payable January 1st, but this allegation falls far short of the necessary allegations upon which to base a suit to re-

scind, or void an instrument which is unambiguous in its terms. They should affirmatively allege that they were lacking in capacity to read and understand its terms, or that they were fraudulently induced not to read by some trick or by some person in confidential relationship to them, for, when a person can read English and is so far in the possession of his faculties that he can read and understand, and he is not prevented from reading it by some trick or device (Link v. Page, 72 Tex. 592, 10 S. W. 699), he cannot obtain relief upon afterwards discovering that it was more disadvantageous than they expected it to be (Black on Rescission, § 52; G., C. & S. F. Ry. Co. v. Fenn, 33 Tex. Civ. App. 352, 76 S. W. 597).

There is another principle of law applicable to this transaction; i. e., it is essential that the matters falsely represented or fraudulently concealed should have been so material as to make the situation of the parties substantially different from what it would have been in the absence of fraud. Fitchett v. Henley, 31 Nev. 326, 102 Pac. 865, 104 Pac. 1060; Black on Rescissions, § 458.

The only difference in the situation of the parties under the lease as executed and what would have been if it had contained the stipulation contended for by appellee is that appellant would have been obligated to pay $50 on the 1st of January instead of the 1st of April of the same year. The loss of the use of $50 for three months could not be held to be sufficiently material to be the basis for a judgment for cancellation of the contract of the probable value of this one.

[4] As to the property being a homestead and the failure of the notary to conform to the requirements of the statutes in taking the wife's acknowledgment, this certificate is in due form, so it is conclusive in the absence of fraud or imposition, as, for instance, that there was a fraudulent combination between the notary and the parties interested, and there is neither allegation nor proof to this effect. Hartley v. Frosh, 6 Tex. 208, 55 Am. Dec. 772; Waltee v. Weaver, 57 Tex. 571. In the case of Oar v. Davis et al., 105 Tex. 479, 151 S. W. 794, our Supreme Court has reviewed the above-cited cases and extended the rule above quoted to the effect that where the execution of the instrument is admitted, but is sought to be set aside for fraud of the grantee, the certificate that it was explained may be contradicted.

Since we have concluded that the pleadings and proof in this case are such as that the trial court should have instructed a verdict for the appellant, the matter of technical failure of the notary to comply with the statute becomes of no importance, for the instrument could not be voided for such failure alone, but for both such failure and a fraudulent inducement to its execution sufficient to void it could be.

Reversed and remanded.