EMETERIA VE DE CASTILLO ET AL. v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

Decided February 21, 1906.

**1.—Charge Must be Construed in the Light of the Evidence.**

The court charged the jury that in order for plaintiffs to recover in this case they must show by a preponderance of the evidence that the accident, resulting in the death of deceased, was directly caused by the negligence of the defendant in the manner charged in their petition. There were three acts of negligence charged in the petition. Plaintiffs complain of the charge on the ground that it required them to prove each act of negligence charged. The evidence on the trial was confined almost exclusively to one of said acts of negligence; it was the embodiment of their whole case, and was so treated by counsel for both sides, and evidently so considered by the court and jury. No special charge was requested submitting any other alleged ground of negligence. Held, the charge is not open to the criticism made, when taken and considered as a whole.

**2.—Charge on Weight of Evidence.**

It is not error to assume in a charge an uncontroverted fact, as proven.

Appeal from the District Court of Uvalde. Tried below before Hon. R. H. Burney.

*T. M. West* and *John Sehorn,* for appellants.—In support of the first assignment of error counsel for appellants cited: Davis v. Missouri, K. & T. Ry. Co., 17 Texas Civ. App., 200, 43 S. W. Rep., 44; Crowder v. St. Louis S. W. Ry. Co., 87 S. W. Rep., 168; Kershner v. Latimer, 64 S. W. Rep., 238; Liverpool L. & G. Ins. Co., v. Joy, 62 S. W. Rep., 546; Texas & N. O. Ry. Co. v. Conroy, 83 Texas, 217, 18 S. W. Rep., 609; Hicks v. Galveston, H. & S. A. Ry. Co., 6 Texas Ct. Rep., 858; Texas Pac. Ry. Co. v. Kirk, 62 Texas, 232; Baker v. Ashe, 80 Texas, 356, 16 S. W. Rep., 36; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 283, 11 S. W. Rep., 327; International & G. N. Ry. Co. v. Dyer, 76 Texas, 160; Gulf, C. & S. F. Ry. Co. v. Silliphant, 70 Texas, 630; East Line & R. Ry. Co. v. Smith, 65 Texas, 170; Taylor, B. & H. Ry. Co. v. Taylor, 79 Texas, 104; Davidson v. Wallingford, 88 Texas, 624; Texas & Pac. Ry. Co. v. Brown, 14 S. W. Rep., 1036; Missouri Pac. Co. v. Brazzil, 72 Texas, 237.

It was error for the trial court in his charge to assume that there was a usual and customary stopping place for trains at the flag station of Chatfield, or to assume any other fact as proven when the issue is controverted and the evidence conflicting. Missouri, K. & T. Ry. Co. v. Wolf, 14 Texas Ct. Rep., 52; St. Louis S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1064; Missouri, K. & T. Ry. Co. v. Williams, 40 S. W. Rep., 161; Campbell v. Ellsworth, 20 S. W. Rep., 120; Gulf, C. & S. F. Ry. Co. v. Nelson, 24 S. W. Rep., 588; Missouri, K. & T. Ry. Co. v. Oslin, 63 S. W. Rep., 1039; Texas Pac. Ry. Co. v. Berry, 72 S. W. Rep., 423, 6 Texas Ct. Rep., 110; Gulf, C. & S. F. Ry. Co. v. Wittig, 35 S. W. Rep., 858; Briseno v. International & G. N. Ry. Co., 81 S. W. Rep., 579; Gulf, C. & S. F. Ry. Co. v. Manghan, 69 S. W. Rep., 80; Metcalf v. Lowenstein, 81 S. W. Rep., 362; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 52; Galveston, H. & S. A. Ry. Co. v. Kutac, 76 Texas, 478; International & G. N. Ry. Co. v. Neff, 87 Texas, 308; Houston Street Ry. Co. v. Artusey, 31 S. W. Rep., 319; Gulf, C. & S. F. Ry. Co. v. White, 32 S. W. Rep., 322; Missouri Pac. Ry. Co. v. Christman, 65 Texas, 370.

*Baker, Botts, Parker & Garwood* and *Garrett & Davis,* for appellees. —The charge complained of must be construed in connection with other charges given by the court, and when so considered, it is not subject to the criticism that it imposed upon appellants' the burden of proving each of the acts of negligence contained in the petition before they could recover.

The charge when considered in connection with the third paragraph of the general charge of the court, which stated the facts necessary to be proven and claimed as negligence by the plaintiffs, and stated the issue as made by the evidence on the trial, could not have mislead the jury into believing that appellants had to prove acts of negligence which were never insisted upon, no complaint made of, and on which there was no evidence. The two first grounds of alleged negligence were wholly abandoned, and no reference thereto was made, and instructing the jury that plaintiffs must show that the injury was directly caused by the negligence of the defendant in the manner charged in the petition could not have mislead them. Wichita Cattle Co. v. State, 80 Texas, 687; International & G. N. Ry. Co. v. Anthony, 24 Texas Civ. App., 11; Missouri, K. & T. Ry. Co. v. Chittim, 24 Texas Civ. App., 602.

The charge does not assume any fact as proven that was in any way controverted, or on which there was any conflicting evidence.

It is not error for the court to assume in the charge, facts established by uncontroverted evidence. St. Louis, S. W. Ry. Co. v. Casseday, 92 Texas, 527; Houston & T. C. Ry. Co. v. Kelley, 13 Texas Civ. App., 15; North Texas Trac. Co. v. Yates, 88 S. W. Rep., 283; International & G. N. Ry. Co. v. Stewart, 57 Texas, 166; Gulf, C. & S. F. Ry. Co. v. Pierce, 7 Texas Civ. App., 601; Bonner v. Green, 6 Texas Civ. App., 100.

NEILL, ASSOCIATE JUSTICE.—This is the second appeal in this case. The first one was from a judgment in favor of the present appellants;

and the opinion of the court on reversing the judgment and remanding the cause will be found reported in 83 S. W. Rep., 25, where appears a statement of the nature of the case, which need not be here repeated.

It is sufficient to say that the suit is by the appellant, Emeteria Ve De Castillo, for herself as surviving wife of Guadalupe Castillo and as next friend for his minor children to recover damages against the railway company for his death caused by its alleged negligence while he was a passenger and attempting to alight from one of its trains, and that the defenses plead were a general denial and contributory negligence.

*Conclusions of Fact.* The evidence was reasonably sufficient to support the verdict in favor of appellee on either of two grounds: (1) it was not shown that the appellee was guilty of any negligence causing the death of deceased. (2) If it were shown that appellee was guilty of the alleged negligence, deceased's negligence directly contributed to his death.

*Conclusions of Law.* The first assignment of error is as follows: "The court erred in giving special charge No. 5, at the request of the defendant, which is as follows: 'The jury are instructed that the plaintiff, in order to recover in this case, must show by a preponderance of the evidence that the accident resulting in the death of the deceased, Guadalupe Castillo, if such there was, was directly caused by the negligence of the defendant in the manner charged in their petition, and unless they have done so, your verdict must be for the defendant.'"

Under this assignment it is contended: (1) That the charge is erroneous because it imposes upon appellants the duty to prove by a preponderance of the evidence each of the three acts of negligence charged in their petition, when the proof of either would entitle them to a verdict; (2) that it is so framed as to mislead the jury into believing it was incumbent on appellants to prove each act of negligence charged, whereas proof of either was sufficient to entitle them to a verdict.

These contentions, asserted by appellants as propositions under the assignment, are substantially the same, and will be considered so in disposing of them.

We do not believe that the part of the charge complained of, when taken and considered in connection with the charge as a whole, is justly open to the criticism made by the propositions. After the first and second paragraphs of the charge, which define negligence of a railway company to its passenger, and negligence of the passenger towards himself, comes the third paragraph which is as follows: "If you believe from the evidence that on or about the 26th day of November, A. D. 1902, Guadalupe Castillo became a passenger on one of the defendant's trains at Sabinal, to be transported to Chatfield, and if you further believe from the evidence that when this train reached Chatfield, it slowed down its speed, but did not come to a stop, and you also believe from the evidence, that said Guadalupe Castillo, after the train slowed its speed at Chatfield, if it did slow down its speed, stepped off the coach, in which he was riding and was thereby injured, and from the

effects of which he died, as charged in plaintiffs' petition. And if you further believe from the evidence, that the employes in charge of said train were negligent in failing to bring said train to a stop at Chatfield, if they did so fail, and that said negligence, if any, was the direct cause of the death of said Guadalupe Castillo, and you also believe from the evidence that said Guadalupe Castillo was not guilty of contributory negligence, and that the plaintiff, Emeteria Valle de Castillo, was the wife of, and the other plaintiffs the children of the said Guadalupe Castillo, and that said plaintiffs have been damaged by the death of the said Guadalupe Castillo, then I charge you, your verdict should be for the plaintiffs."

It will be observed that the question of negligence thus submitted is whether, if it should be found that the train did not come to a stop at Chatfield, the employes operating it were negligent in failing to bring it to a stop at that station. This was an act of negligence alleged by appellants in their petition and evidently the one relied upon for recovery, for the evidence in support of their action may be said to have been confined upon the trial to such as would tend to support this allegation, and no special charge was requested by them submitting any other alleged ground of negligence to the consideration of the jury. In fact, the other grounds of negligence were subsidiary and merely incidental to the act of negligence submitted by this paragraph of the charge. It was the very gravamen of appellants' action, the embodiment of their whole case; and was so treated by counsel for either side, and evidently so considered by the court and jury upon the trial. This is evidently what was referred to by the clause, "was directly caused by the *negligence* of the defendant *in the manner charged in their petition,*" as used in the special charge complained of in the assignment; and, when considered in connection with the entire charge, was the allegation of negligence to which the attention of the jury was called, and which was considered by them and determined by their verdict.

If, however, the special charge should be construed as embracing all the acts of negligence charged in appellants' petition, and it should be conceded that proof of any one of them would entitle a recovery, they can not be heard to complain that the charge only authorized a recovery upon proof of all the acts of negligence alleged in the absence of a request for additional instruction. (Williams v. Galveston, H. & S. A. Ry. Co., 78 S. W. Rep., 48; Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629, 69 S. W. Rep., 136; Texas & Pac. Ry. v. Brown, 78 Texas, 402; Sabine & E. T. Ry. v. Wood, 69 Texas, 679.)

The subject of the second assignment is the fifth paragraph of the court's charge which is as follows: "If you believe from the evidence, that upon said train approaching Chatfield flag station, the same was announced to the said Guadalupe Castillo by the porter on said train, and that said porter opened the door of the car in which said Castillo was riding at the time, on the side of the train next to the usual and proper place of stopping for passengers to alight at Chatfield, for the purpose of permitting the said Guadalupe Castillo to alight from said train when the same should stop, and if you further find from the evidence that the said Guadalupe Castillo then started down the steps of the said car while the same was running, and was then warned and

told by the porter to stop, but notwithstanding said warning, if any, the said Guadalupe Castillo jumped or stepped off said train while the same was running and before the said train had reached the usual and proper stopping place, and you further find that the said Guadalupe Castillo was guilty of negligence in so jumping or stepping from off said train, if he did so, and if you further find that such negligence on the part of Castillo, if any, caused or contributed to cause his injuries, from which the said Castillo died, then your verdict should be for the defendants."

It is contended by appellants that this paragraph of the charge is upon the weight of evidence, in that it assumes there was a usual and customary place for trains at the station of Chatfield.

Upon examining the evidence it appears that there can be no controversy about there being a usual and customary stopping place for the train; for the conductor, the engineer, brakeman and porter of the train all testified that its usual and customary stopping place at Chatfield was at the road crossing. No witness testified to the contrary. This testimony, nor the fact shown by it, is not contradicted by Henegan, for it is shown by his cross-examination he had not been in Chatfield since he quit work for the company in 1900, which was two years prior to the accident. That there may have been no usual and customary place for stopping at Chatfield in 1900, or prior to that time, was no evidence that there was no usual and customary place for stopping the train deceased was on during the year 1902 when the accident occurred. It is not error to assume as proven in a charge an uncontroverted fact established by the undisputed evidence.

There is such an entire lack of evidence tending to show negligence on the part of appellee, and the evidence so conclusively shows that deceased was guilty of contributory negligence that we would hesitate to set aside the verdict even if we deemed the charge erroneous.

There is no error assigned which requires a reversal of the judgment and it is therefore affirmed.

*Affirmed.*

Chief Justice James entered his disqualification and did not sit in this case.

Writ of error refused.