Hempiiill, Oh.' J.
The only questions deserving consideration are whether tiie notary’s certificate is conclusive of the facts therein stated, and if not so, whether the allegations of the petition are sufficient in law to authorize an inquiry into their verity.
The allegations in relation to the influence exercised by the husband over the wife, and as inducing her to execute the instrument, present no basis for equitable relief. If he has acted unfairly or iniquitously towards his wife in the transaction, he cannot join with her in a suit to repudiate such act to the injury of innocent third parties. She might have her remedy, but it would be adversely to, not conjointly with, her husband. In fact her, or rather their, statements in relation to the deceit practiced by the husband carry on their face an air of great improbability. It is alleged that she was not advised of the contents of the instrument, or that the same related in any way to th» premises mentioned in the deed of trust, hut it is admitted “that at the time of signing she was informed hy her husband that the deed was intended to secure an individual debt which lie owed on his individual account, and that if she would become security for this debt by signing and acknowledging the instrument, she would have transferred to her awl have under her control a large debt against her husband amounting to more than one thousand dollars.” Now the presumption is that every person of ordinary intelligence is aware of the liabilities of a surety, and that they constitute a general or special charge upon the property of the surety; and it may well be inferred that this lady, if not devoid of all curiosity, or of attention to her interests, would have made some inquiries before she assumed such responsibilities, and especially as a judgment for a largo amount against her husband ivas to be assigned to her by way of exoneration. She would not suppose that she was to have the benefit of this judgment for the mere use of her name, or that she wonld have any claim without first discharging the debt out of her own property.
But to the question whether the certificate of the officer is conclusive of the facts therein stated. This canse was argued at a late day, and I have been unable to give the subject the thorough examination to which it is entitled. But it seems to me, as well upon principle as authority, that the certificate must be conclusive of the facts therein stated, unless fraud or imposition is alleged.
To impeach the veracity of the certificate it will not be sufficient to allege that there was no privy examination; that she did not acknowledge the same to he her act and deed, &c. There must be some acts alleged showing fraud; as, for instance, that there was a fraudulent combination between the notary and the parties interested. The certificate in this case is in conformity with the statute, and cannot be impeached merely by saying that she was not examined apart from her husband. But few authorities have been examined, and the most important are not accessible.
In Pennsylvania, under a statute similar to our own, it is held that the certificate of the officer as to the acknowledgment of a deed by a married woman is to he judged solely by what appears on the face of the certificate itself, and parol evidence of what passed at the time of the acknowledgment is not admissible for the purpose of contradicting the certificate, except in cases of fraud or imposition. (3. Whartc. R., 457.) In Indiana the doctrine is that an acknowledgment in the usual form, by a feme covert, of a conveyance before a magistrate, estops her and those claiming under her from saying that she had not freely and absolutely executed the conveyance. (McNeely v. Rucker, 6 Blackf. R., 391.) In Yerger, 54S, it was ruled that a court of chancery had no jurisdiction to inquire into the irregularity of a privy examination of a feme covert to a deed executed hy her, unless for fraud. Such examination's are entered oil the minutes of the court in that State, hud the examination in the case cited was taken by the judge out of court, and does not difteria principle from an examination taken by an officer under onr statute. (See also 11. & McII. R., 211; 3 Id., 321; Id., 430.)
Note 34.—Shelby v. Burtis, 18 T., 644; Wiley & Co. v. Prince, 21 T., 637.
The rule above laid down disposes o£ this case, and it is ordered, adjudged, and decreed that the judgment be reversed and the suit be dismissed.
Beversed and dismissed.