### J. C. BOYDSTON v. HIRAM SUMPTER.

#### No. 3066.

1. **Petition—Description—Surplusage.**—In an action of trespass to try title the petition described the land by metes and bounds, and alleged it to be a part of the S. Mitchell survey, after which was a statement that the controversy "is whether the parcel of land above described is in the Milton Gregg survey or the Mitchell survey:" *Held*, that the latter allegation may be treated as surplusage, and a demurrer to the petition for want of description was properly overruled.

2. **Testimony of Surveyor—Calls in Surveys.**—A witness pointed out upon a plot shown him the northwest corner of the Mitchell survey, and testified with regard to said corner: "I found a corner that appeared to be an original corner. * * * It corresponded with other corners on the ground that were called for." Objection was

made that the testimony was incompetent unless the papers showing the callings were first produced. *Held,* the testimony was admissible.

3. **Boundary Lines—Charge.**—The following charge approved: "In determining the location of the line between said surveys you will be governed by the calls in the patent, ☀ ☀ ☀ and if the evidence satisfies you as to the true location of said line, as originally run and marked by the stakes and bearing tree mentioned in the patent, you should be governed by such line. If, however, the locations of said stakes or bearing tree as they existed when the patent was issued are not satisfactorily established by evidence, you will then be governed by course and distance of said line as called for in the patent."

APPEAL from Tarrant. Tried below before Hon. R. E. Beckham.

April 16, 1887, Hiram Sumpter brought suit of trespass to try title against Boydston in the District Court of Tarrant County for about three acres of land, alleged to be situated in Tarrant County. November 25, 1889, Sumpter filed an amended petition as substitute for original. November 25, 1889, Boydston filed his amended answer, consisting of general and special exceptions, general denial, plea of not guilty, etc. November 27, 1889, the general and special exceptions to the petition were overruled, and the appellant excepted. The case was then tried, and the jury returned a verdict for the appellee, and judgment was rendered accordingly. Boydston made motion for new trial, which was overruled, and he excepted and gave notice of appeal.

*Harris & Harris,* for appellant.—1. The court erred in overruling defendant's general and special exceptions to the petition, because said petition contains no direct and positive statement in logical form of any cause of action, but it is duplicitous and hypothetical in this, that it states the land is a part of the S. Mitchell survey, and describes it as being south of the Milton Gregg survey, and immediately thereafter in the same count says that the point at issue in this case is whether the land above described is in the Milton Gregg survey or the S. Mitchell survey.

2. No sufficient description of any land or the location of any land is made, no object as corner or as mark of line being referred to in said petition, so as to show what spot of ground is meant, but the question as to whether one spot or another is actually meant depends upon where the line may eventually be determined to run.

3. The primary and best evidence of calls for any particular corner is found in the grant. The primary and best evidence of calls for other corners to other and adjoining surveys is in the grants to such other surveys. As to whether they correspond or not is for the jury; as to whether a corner is an original corner or not should be left to the jury and not to any witness' idea of its appearances. Doe v. Fields, 75 Am. Dec., 450.

4. While the court will not control the order in which a party introduces his evidence ordinarily, yet it will require him to lay all proper predicates and introduce primary evidence first, and will not allow a wit-

ness to draw conclusions for the jury, and especially not from facts not revealed—facts of which there is written evidence not produced.

In Boon v. Hunter, 62 Texas, 589, the court, in considering the admissibility of evidence in that case, say: "In Inget v. Little, 5 Smedes & Marshall, 319, which was a case of disputed boundary, it was held that copies of official maps of surveys of land in that State deposited in the surveyor-general's office was the best evidence of the extent, character, and boundaries of each survey; and therefore parol evidence that a private survey conformed to such official survey, without producing a copy of the official survey, was improper."

5. The court should have charged the jury that they should be governed by course and distance where natural and artificial objects called for in the grant are gone and the place of their location is not proved.

6. It is not the law that natural or artificial objects not called for in the grant, but only reputed to be at the corner, will control course and distance. Anderson v. Stamps, 19 Texas, 464; Browning's Admr. v. Atkinson, 37 Texas, 658, 659. In Anderson v. Stamps the court says: "Where natural objects, monuments, or marked lines are not called for in the deed or are of doubtful identity, calls for course and distance may then be resorted to as furnishing the best evidence of which the case is susceptible."

*Robert S. Blair*, for appellee.— 1. That is a sufficient description of land in a pleading which gives data whereby the land may be identified and that distinguishes it from all other tracts. The description of the land could not be attacked in demurrer, unless it was manifest that the terms of the petition did not distinguish the land from all other tracts. Crabtree v. Whiteselle, 65 Texas, 111; 53 Texas, 488; Alford v. Wilson, 62 Texas, 484.

2. The Supreme Court will not disturb a verdict unless it is manifestly wrong. Where the judgment of the court below attains the justice of the case the court will not reverse for abstract errors. Where the evidence is sufficient to authorize the verdict the court will not reverse. Stephens & Anderson v. Bank, 62 Texas, 499; Hardy v. De Leon, 5 Texas, 233; Ross v. Kornrumpf, 64 Texas, 390; Stroud v. Springfield, 28 Texas, 649; Gamage v. Trawick, 19 Texas, 64.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by appellee for the possession of three acres of land.

In the petition the land was first described by metes and bounds and alleged to be a part of the S. Mitchell survey, after which the petition contained a statement that the controversy "is whether the parcel of land above described is in the Milton Gregg survey or the S. Mitchell survey."

The words quoted may be treated as surplusage. The defendant suf-

fered no injury from the court overruling his exception to the petition on that ground.

A witness for the plaintiff pointed out, upon a plot shown him, the northwest corner of the Mitchell survey, and testified with regard to said corner: "I found a corner that appeared to be an original corner, and I found that it corresponded with other corners on the ground that were called for."

The defendant objected to the testimony on the ground that "it was not proper to bring in a surveyor or anybody else and have him to testify with reference to what he found that was called for unless the papers that show the callings are first put in evidence."

This objection to the order of introducing the evidence was properly overruled. The witness described very fully the examination of the lines and corners made by him, and we think he was properly allowed to state the relation borne by the disputed corner to others.

The northeast corner of the Mitchell survey was known. The course called for in the patent from that corner is "south 60 degrees west." At the northwest corner the call is for "a stake, from whence a willow bears north 63 degrees west 98 varas." Neither the stake nor bearing tree can be now found.

The northwest corner of the Mitchell described by plaintiff's witnesses is marked by a stone, which they stated had been recognized as the true corner for a period of more than thirty years. A line run from the northeast corner of the Mitchell survey to this stone will be south 61 degrees west instead of south 60 degrees west, as called for in the patent, and the land in controversy is in the space that would be included between the diverging lines.

The court charged the jury that "in determining the location of the line between said surveys, you will be governed by the calls in the patent to S. Mitchell, and if the evidence satisfies you as to the true location of said line as originally run and marked by the stakes and bearing tree mentioned in said patent, you should be governed by such line. If, however, the location of said stakes or bearing tree, as they existed when the patent was issued, are not satisfactorily established by the evidence, you will then be governed by the course and distance of said line as called for in the patent."

We think that this charge correctly presented the issue, and that the charges asked on the same subject were properly refused.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered November 11, 1890.