### S. B. Brand et al. v. Colorado Salt Company et al.

Decided November 20, 1902.

**Acknowledgment—Deed of Wife—Impeaching Certificate.**

The certificate of the officer showing the due acknowledgment of a deed by a married woman can not be contradicted or impeached on the ground that the acknowledgment was taken hurriedly, without an explanation of the deed or examination apart from the husband, where no fraud is alleged.

Appeal from the District Court of Mitchell County. Tried below before Hon. W. R. Smith.

*Capps & Canty, M. Carter, E. W. Bounds, J. E. Hooper,* and *Theodore Mack,* for appellants.

*Leggett & Kirby, Shepherd & Crockett,* and *Smith & Smith,* for appellees.

STEPHENS, Associate Justice.—The deed of S. B. Brand and wife placed the title of the land in controversy, their homestead, in a trustee for the Colorado Salt Company, and the court did not err in instructing a verdict for defendants in error. The recovery thus had by the Colorado Salt Company, plaintiff below, was resisted upon the ground that the separate acknowledgment of the wife of S. B. Brand had not been taken in the manner prescribed by law for the conveyance of the homestead. That Brand and his wife appeared before the officer who took the acknowledgment, and that the certificate was in due form, were undisputed facts. Their testimony tended to prove that the officer took the acknowledgment in a hurried and careless manner, without explaining the deed to the wife, and without propounding the statutory questions to her separate and apart from her husband, and that she did not execute it willingly, though she fully understood and knew that the officer purported to take her acknowledgment. This testimony was, however, in direct conflict with both the certificate and the testimony of the officer who made it. The answer of Brand and wife consisted of a plea of not guilty and a cross-action which contained a tra-

verse of the facts stated in the certificate of privy acknowledgment, and an allegation that the Colorado Salt Company acquired the property with notice of the facts that this certificate was false; but they utterly failed to impeach the certificate by alleging fraud in avoidance thereof. It was therefore conclusive against them. Hartley v. Frost, 6 Texas, 208; Freiberg v. De Lamar, 7 Texas Civ. App., 263, 27 S. W. Rep., 151. (Writ refused, 29 S. W. Rep.)

In the case first cited, which has several times been approved, the allegations were quite as strong as those made by Brand and wife, and yet it was held that they did not constitute the requisite attack on the certificate, and the judgment was therefore reversed and the suit dismissed. True, the petition in that case also failed to allege that the grantee had notice that the deed bore a false certificate, while this was alleged by Brand and wife; but, as held in the second case cited, in which writ of error was refused, before the facts stated in the certificate of privy acknowledgment are traversable both fraud in the procurement of the certificate and notice to the vendee or want of consideration must be alleged and proven. Like the return of an officer on process, or the recitals in a judgment against parties and privies, the findings and certificate of the officer taking an acknowledgment are not subject to contradiction or collateral attack by one who has appeared before the officer. Such recitals are conclusive even in an action of trespass to try title, and can only be avoided by alleging and proving facts entitling the party to affirmative relief. See Schneider v. Ferguson, 77 Texas, 572, and cases there cited. See, also, the numerous cases treating of the effect of judgments and of the necessity of reforming deeds, etc.

No conflict is believed to exist between the conclusion above announced and the following cases: Riley v. Wilson, 86 Texas, 240, 24 S. W. Rep., 394; Caffey v. Caffey, 12 Texas Civ. App., 616, 35 S. W. Rep., 738.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.