ALBERT CROWDER v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Decided May 3, 1905.

**1.—Evidence.**

Proof that plaintiff, injured in a runaway by alarm of his mule at the approach of a railway locomotive, took a drink of whiskey after the accident, was irrelevant and should have been excluded.

**2.—Charge.**

Plaintiff can not complain of a charge to return a verdict in his favor on finding certain facts, though such verdict would have been authorized upon a finding of a part only of the facts enumerated in the instruction.

**3.—Same—Requested Charge.**

A requested instruction directing a verdict for plaintiff upon a finding of certain enumerated facts requiring such conclusion was erroneously refused where the charge authorized a recovery only on finding other facts in connection with them.

**4.—Negligence—Flagman.**

The issue of negligence on the part of a railway company in failing to have a flagman stationed at a public crossing should be submitted to the jury where the evidence warrants the conclusion that such precaution was demanded.

**5.—Negligence—Discovered Peril.**

Evidence held to require the submission, on request, of the issue as to negligence in the operation of a railway engine, arising on the discovery of plaintiff's imminent peril.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*A. G. Gates* and *Mulkey & Hamilton,* for appellant.—It is error to force the plaintiff to testify, over objection, that he drank whiskey on the day of the injury, unless the question restricts the drinking to some time prior to the injury, for the reason that such testimony is irrelevant and immaterial and is calculated to prejudice the jury against the plaintiff.

In a personal injury suit, where the injury occurred at a public crossing, caused by the sudden starting of an engine standing near the crossing, which frightened the animal pulling the buggy in which plaintiff was riding, after plaintiff had reached a point on the tracks in front of the engine, it is error for the court to charge the jury that in order to find for plaintiff, they must believe that plaintiff was in "full view" of the servants operating the engine, because such is not the law. McGrew v. St. Louis, S. F. & T. Ry. Co., 74 S. W. Rep., 816, and cases there cited.

In an action for personal injuries caused by the frightening of an animal attached to the buggy in which plaintiff was riding, by the sudden starting of one of defendant's engines at a public crossing, it is error for the court to charge the jury that in order to find for plaintiff they must believe that the servants of defendant in starting the engine "caused said engine to emit steam in great quantities and to make a great deal of unusual, unnecessary and unreasonable noises," for the

reason that it requires the jury to believe too many things, and is more onerous on the plaintiff than the law authorizes.   Duck v. St. Louis & S. W. Ry., 63 S. W. Rep., 891; Kershner v. Latimer, 64 S. W. Rep., 237; Texas & N. O. Ry. Co. v. Conroy, 83 Texas, 216; Texas Mid. R. R. v. Booth, 80 S. W. Rep., 121.

The court erred in refusing to submit to the jury plaintiff's special charge number 1, which was as follows:

"You are charged that if you believe that there was a great amount of travel over the crossing where the plaintiff claims he was injured, and if you further believe that engines were frequently passing back and forth over the same, and if you further believe that a person of ordinary prudence would, under all the circumstances, have kept a flagman or watchman at said place, and that the failure of the defendant to keep a flagman or watchman at said place was the proximate cause of the injuries to plaintiff, if you believe he was injured, then you will find for the plaintiff."   Missouri, K. & T. Ry. Co. v. Magee, 92 Texas, 620; Central T. & N. W. Ry. Co. v. Gibson, 35 Texas Civ. App., 66.

The court erred in refusing to give to the jury plaintiff's special charge number 2, which was as follows:

"You are charged that if you believe that the plaintiff was in great peril and danger and that his peril and danger, if any, was discovered by the employes of defendant in charge of the locomotive, and if you further believe that the said employes could have prevented the injuries, if any, by the means at hand, then you will find for the plaintiff, although you should believe that he was guilty of contributory negligence."

Where the court in his main charge requires the jury to believe all the grounds of recovery, pleaded by plaintiff in his petition before they can find in plaintiff's favor, it is error to refuse a special charge requested by plaintiff, authorizing a recovery on one or more grounds, less than the whole number, relied upon by him.   Gulf, C. & S. F. Ry. Co. v. Hill, 69 S. W. Rep., 136; Texas & P. Ry. Co. v. Brown, 78 Texas, 401; Merchant & P. Oil Co. v. Burow, 69 S. W. Rep., 435.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for appellee.—It was material to ascertain whether Kelly or the plaintiff had been drinking and the testimony complained of tended to show that one or both of them had been as it showed that there was a bottle of whiskey in the buggy.   The conduct of Kelly and the plaintiff at the time of the accident, as shown by the fireman's testimony, indicated that they might have been drinking, and the plaintiff's statement on redirect examination that he had not drank any before the accident was not conclusive.   The testimony was therefore properly admitted, but if the admission thereof was error it was immaterial.

The uncontroverted evidence showed that the view from the engine to the buggy was entirely unobstructed and that the fireman saw Kelly and the plaintiff before the engine was started toward the crossing. Therefore, the charge of the court is not subject to the criticism urged against it.

The charge of the court followed the language of the petition and the plaintiff attempted to show the truth of the allegations that the opera-

tives of the engine "caused said engine to emit steam in great quantities and to make a great deal of unusual, unnecessary and unreasonable noises." The plaintiff testified that "when they commenced ringing the bell and shooting out steam, that scared the mule," and attempted to show by his own testimony and that of other witnesses that a large amount of steam was emitted and considerable, unusual and unnecessary noises were made. The court did not err in submitting the issues as made by the plaintiff's pleadings and evidence.

The court did not charge on issues not made by the evidence and embrace them conjunctively with issues supported by the evidence in such manner that the jury was required to believe such unsupported issues in order to find for the plaintiff. The emission of steam and the making of unnecessary noises relate to the same matter or at least concurred, according to the plaintiff's testimony, in producing the accident. The court did not, in the charge complained of, group conjunctively distinct and separate issues, some of which were supported by the evidence and some of which were not.

The evidence was not sufficient to raise the issue that the defendant was negligent in not maintaining a flagman at the crossing. The evidence did not show that the crossing was extra hazardous and the court did not err in refusing the requested charge.

The evidence did not raise the issue of discovered peril and the requested charge was therefore properly refused.

The only issues of negligence raised by the proof were fairly submitted in the main charge and it was unnecessary to give the requested charge. Moreover, the requested charge did not announce a correct principle of law and was not applicable to the facts of this case.

KEY, ASSOCIATE JUSTICE.—Albert Crowder and one John Kelly were riding in a buggy drawn by a mule. They were traveling a street in the town of Commerce, and while crossing the track of the St. Louis Southwestern Railway Company an engine, which was nearby, started in the direction of the crossing, and the mule became frightened, ran away, threw Crowder out of the buggy thereby inflicting upon him certain injuries. Crowder brought this suit against the railway company, charging that the employes who were operating the engine "suddenly and without warning or notice of any kind to plaintiff, started toward plaintiff and said Kelly at a rapid rate of speed, and at the same time the steam from said engine was permitted to escape in great quantities and said locomotive was permitted to make a great deal of unusual, unnecessary and unreasonable noises; that said acts were done and permitted in a negligent manner by defendant's agents in charge of and operating said locomotive; that said locomotive came very near colliding with said vehicle in which plaintiff and said Kelly were riding, and that said locomotive and the steam and smoke escaping therefrom, and the noises made by the same, caused the mule attached to said buggy to become suddenly frightened and to run away; that being badly frightened by said locomotive, and in order to escape from being struck by said locomotive, the said mule ran down the track in front of the same, and caused the said buggy to be suddenly jerked in such a violent manner that the plaintiff was thrown therefrom, etc."

The first assignment complains of the ruling of the court as to the admissibility of certain testimony. The bill of exception shows that while the plaintiff was on the stand testifying in his own behalf, he was asked by the defendant's counsel on cross examination if he drank any whiskey on the day of the accident. The plaintiff's counsel objected to the question on the ground that it was too general and should be limited to some time prior to the accident. The court overruled the objection, and the plaintiff answered that he had taken a dram that day; that John Kelly had a bottle in the buggy, and the plaintiff took a drink therefrom, but it was shown that that occurred after the happening of the accident.

We think the court should have sustained the objection to the question. The fact that the plaintiff drank whiskey after the accident occurred was wholly immaterial. As bearing on the question of contributory negligence, it might have been permissible to show that he had been drinking before the accident occurred, but it was immaterial to show that he had drunk intoxicating liquor after the accident. Whether or not the ruling here complained of would require a reversal of the judgment need not be decided, as we hold that other grounds for reversal are shown.

The fourth paragraph of the court's charge reads as follows:

"4th. Therefore, if you believe from the evidence that plaintiff and one John Kelly were on and driving across Sycamore Street in the city of Commerce, as alleged by him, and that an engine which was standing on the track of defendant's railroad, as alleged by plaintiff, in charge of defendant's servants, suddenly and without warning or notice of any kind to plaintiff, started towards plaintiff and said Kelly, and if you believe that plaintiff and the said Kelly were in full view of the servants of defendant operating said engine; and if you believe that said servants saw the situation of said plaintiff, or by the use of ordinary care, as above defined, they would have seen his situation, and if you believe that while the plaintiff was so situated, said servants of the defendant in starting said engine, if they did so start it, caused said engine to emit steam in great quantities and to make a great deal of unusual, unnecessary and unreasonable noises; and if you further believe that such noises, if any, made by the discharge of the steam, if any, was under the circumstances, reasonably calculated to frighten the mule driven by plaintiff and said Kelly; and if you believe that such noise caused by the discharge of said steam, if any, and the approach of said engine, if it did approach, was reasonably calculated to endanger the safety of plaintiff; and if you believe that the danger, if any, to plaintiff from the discharge of said steam, if any, and the approach of said engine, if it did approach, was known to said servants or could have been known to them by the exercise of ordinary care; and if you further find that the making of such noise, if any, by the discharge of steam, if any, and the starting of said engine, if it did start, toward said plaintiff, if there was such starting of such engine and such discharge of steam, was negligence, as that term has been heretofore defined; and if you believe that such negligence, if any, caused the mule driven by plaintiff and the said Kelly to become frightened and unmanageable and to run away, and that plaintiff was

thereby thrown from the vehicle and injured, as alleged by him, in his foot, ankle and leg; and if you believe that the negligence of the defendant, if any, in the matters herein submitted to you was the proximate cause of plaintiff's injury, if any, you will find for the plaintiff, unless you find for the defendant under other issues submitted to you."

This charge is assigned as error, counsel for the plaintiff contending. that it required the jury, in order to find for him, to find that he was in full view of the servants operating the engine; and also to find that the servants of the defendant in starting the engine caused it to emit steam in great quantities, and to make a great deal of unusual, unnecessary and unreasonable noises. The contention is that the charge required the jury to find more facts than the plaintiff was required to prove before they could find a verdict for him. According to the views of our Supreme Court, as expressed in Texas & Pac. Co. v. Brown, 78 Texas, 402; Sabine & E. T. Ry. Co. v. Wood, 69 Texas, 679, and Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629, the charge is not subject to the criticism urged against it. In the cases cited it is held that a charge instructing the jury if they find a certain group of facts to find for the plaintiff or the defendant, as the case may be, is not erroneous, although the party might be entitled to a verdict on a finding of one or more of the facts referred to. The charge here complained of followed the averments contained in the plaintiff's petition; and, following the cases cited, we overrule the assignment complaining of this charge.

We overrule all the other assignments which complain of the court's charge. However, we sustain the fifth and sixth assignments, which complain of the action of the court in refusing special instructions requested by the plaintiff. The plaintiff alleged that the defendant was guilty of negligence in not having a flagman or watchman at the place where the accident occurred; and without commenting on the testimony, or indicating any opinion as to what should be the finding thereon, we think it was sufficient to require the issue to be submitted to the jury, and that appellant's requested instruction on that subject should have been given.

We also hold that the instruction requested on the subject of imminent peril, set out under appellant's sixth assignment of error, should have been given. The plaintiff's petition and the testimony submitted thereunder presented that issue.

We also sustain the seventh assignment which complains of the action of the court in refusing to give the following requested instruction:

"You are instructed that if you believe from the evidence that the defendant's locomotive was standing near a public crossing, as alleged by plaintiff, and that the plaintiff believed that the said engine would remain standing until he would have time to drive across the tracks, and that so believing he drove or was driven onto the tracks of defendant, and if you further believe that when he had reached a point near the said engine, if he did, that the said engine started to moving towards him, and that the mule attached to the buggy in which he was riding became frightened at the movement of the engine and the noise attending its movement, if it moved, and if it made any noise, and that such movement, if any, by the employes in charge of the locomotive at

said time and place was negligence as that term is defined in the court's main charge, and if you further believe that the plaintiff was not guilty of contributory negligence, you will find for the plaintiff."

This instruction, if given, would have authorized a verdict for the plaintiff upon a finding of some, but less than all, of the facts grouped together in the court's charge. The plaintiff would be entitled to a verdict on a finding of the facts referred to in his requested instruction, and as the court's charge did not so instruct the jury it was error to refuse this instruction.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*