**ROBERTSON et al. v. VERNON et ux.**
(No. 974—5117.)

Commission of Appeals of Texas. Section B. Jan. 23, 1929.

992

J. M. Moore and J. K. Russell, both of Cleburne, and Jos. W. Hale, of Waco, for plaintiffs in error.

B. Jay Jackson, T. E. Darcy, and Pennington J. Jackson, all of Cleburne, for defendants in error.

SPEER, J. Billie Vernon and his wife, Ruby Louise, instituted this suit against E. W. Robertson and Eva Robertson to cancel a mechanic's lien, a deed of trust, and a trustee's deed on their homestead. The principal ground of attack was that the plaintiffs had not appeared before the notaries public whose certificates were attached to the contract and deed of trust, and that such certificates were therefore void. The defendants joined issue generally and pleaded the defense of innocent purchaser on the part of Eva Robertson. The cause was submitted to a jury upon special issues, resulting in a judgment for the plaintiffs, which judgment on appeal to the Court of Civil Appeals for the Eleventh District was affirmed. 3 S.W.(2d) 573. The writ of error was granted because of the conflicts alleged in the application. The conflict is supposed to be with the decision in the cases

of Hartley v. Frosh, 6 Tex. 208, 55 Am. Dec. 772; Davis v. Kennedy, 58 Tex. 516; Oar v. Davis, 105 Tex. 479, 151 S. W. 794; Freiberg v. De Lamar, 7 Tex. Civ. App. 263, 27 S. W. 151; Brand v. Colorado Salt Co., 30 Tex. Civ. App. 458, 70 S. W. 578; Texas Co. v. Keeter (Tex. Civ. App.) 219 S. W. 521; Emmons v. Jones (Tex. Civ. App.) 246 S. W. 1052; Cockerell v. Griffith (Tex. Civ. App.) 255 S. W. 490, and Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311.

Concretely, the conflict is alleged to be with respect to the quantum of proof required upon the part of a vendor seeking to impeach a notary's certificate; the group of cases mentioned being cited for the holding that the uncorroborated testimony of the plaintiff in such a case will not overcome the recitations of the notary's certificate of appearance and acknowledgment, while in the present case that holding is repudiated.

We have examined each of the cases referred to, and have searched for others, but the examination has convinced us there is no conflict of holdings. In none of the cases relied on to show a conflict was the question the same as that involved and decided in this case. That question is: Is a grantor in an instrument of conveyance bound in any wise by the recitals in the certificate of acknowledgment attached by a notary public before whom the grantor never at any time appeared for the purpose of acknowledging the instrument?

The following issues were submitted and answered as shown:

1. "Did Billie Vernon appear before Fred Hudzietz on August 7, 1924, and have an acknowledgment taken to the mechanic's lien contract in evidence in this case?" Answer: "No."

2. "Did Ruby Louise Vernon appear before Fred Hudzietz on August 7, 1924, and have her acknowledgment taken to the mechanic's lien contract introduced in evidence privily and apart from her husband?" Answer: "No."

3. "Did Billie Vernon appear before J. K. Russell on January 30, 1925, and have an acknowledgment taken to the deed of trust introduced in evidence in this case?" Answer: "Yes."

4. "Did Ruby Louise Vernon appear before J. K. Russell on January 30, 1925, and have her acknowledgment to the deed of trust introduced in evidence in this case privily and apart from her husband?" Answer: "No."

No objections were made by either party to the charge or issues as submitted. It is thus found that defendants in error did not appear before the notaries public whose certificates were attached to the instruments involved, and, this being true, the notaries were without authority or jurisdiction to attach any

certificate whatever. The rule of evidence established in the line of cases headed by Hartley v. Frosh, supra, is a wholesome one, and there is no intention here to depart from it or in any wise to qualify it, but no case cited or which we have found applies the rule to a case like this, where the grantor is shown not to have appeared before the notary at all. In such a case, the jurisdiction of that officer not having been invoked, his utterance is a nullity, and his certificate has no evidentiary force whatever, in favor of or against any one. It is not, therefore, a question of weighing evidence as between the certificate of the officer and the testimony of the attacking plaintiffs, for the purported certificate is not evidence. It is not like a case where the grantor appeared before the notary and that officer made a false certificate as to some other fact connected with the acknowledgment. Speer's Law of Mar. Rights, § 204. In that case, it is a just rule for weighing the evidence that the certificate of the officer who is disinterested is more to be relied upon than the uncorroborated evidence of the interested grantor.

Not only is there no conflict created by the holding of the Court of Civil Appeals in this case, but we think the same is correct.

■ The first group of assignments presented in the application serve as a predicate for the proposition that the uncorroborated testimony of the grantors, to the effect that they did not acknowledge such instruments before the notary public, is insufficient to destroy the validity of the notary's certificate attached to such instruments; but, as we have already pointed out, the notary's certificate, under the circumstances, has no validity. It is in legal effect no more than a forgery. Whether or not it has any validity depends upon the fact issue of whether or not the grantors appeared before the notaries for the purpose of acknowledging the instrument, and this issue in turn, like every fact issue in a civil case, is to be determined by a preponderance of all the evidence. There is no statute or rule of decision that would justify the trial court in instructing the jury upon such an issue that more than a preponderance of the evidence was required upon the part of. the complaining grantors, and there is nothing in the statute or the decisions that would justify the instruction that the testimony of the interested plaintiffs alone would not be sufficient to support a finding in their favor.

■ The weighing of evidence in determining any fact issue necessarily includes the right and duty of the jury or court having jurisdiction to consider the relative trustworthiness of the notary's certificate and the impeaching evidence of the complaining vendor, the one a disinterested official and the other a vitally interested party. But this has to do only with *weighing* the evidence, and pertains to the *facts* of the case, and is a matter over which the Supreme Court has no jurisdiction whatever; the judgment of the Court of Civil Appeals in that respect being final. The authorities cited by the Court of Civil Appeals for its holding, which we are here sustaining, are decisive.

■ The next group of assignments urged in the application is followed by the proposition that the Court of Civil Appeals erred in affirming the judgment of the trial court "because of the fundamental error on the part of the trial court which is apparent on the face of the record, as to the manner and form in which the trial court submitted special issues to the jury for their consideration." The vice in the charge is alleged to be: "It is impossible to tell from the answers of the jury to the issues as submitted whether the jury intended to find that Billie Vernon and his wife Ruby Louise appeared before Fred Hudzietz for the purpose of acknowledging the mechanic's lien contract but that they did not actually acknowledge such instrument in the manner and form required by law, and each and every issue submitted by the trial court is multifarious, confusing, and misleading, and it is impossible to tell whether the jury intended to find and did find that the appellees appeared before the notaries public in question or whether they intended to find and did find that the appellees did not appear before such notaries public and it is impossible for the court to apply the law applicable to this case without knowing whether the appellees did appear before such notaries public." As before pointed out, no objections whatever were made by plaintiffs in error to the manner in which these issues were submitted. The objections now here made were therefore, under our statutes (article 2185), waived, and cannot be here urged. Neither could they have been urged in the Court of Civil Appeals unless the error was fundamental. We do not think the error was fundamental. It was the right of the defendants below to have their several defenses separately and affirmatively submitted upon proper request, but there was no such request by plaintiffs in error for the separate and distinct issues of whether or not the plaintiffs appeared before the respective notaries for the purpose of acknowledging the instruments and the issues actually submitted and found by the jury do, in a general way, include this fact. Therefore, there was no fundamental error presented to the Court of Civil Appeals. The Supreme Court does not reverse for fundamental error, and will not consider such assignment except in those rare cases where it considers fundamental error in the Court of Civil Appeals to avoid reversing a correct judgment of that court based upon some erroneous ground. See Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185.

This disposes of every question presented in the application, and results in our recom-

mending an affirmance of the judgments of both courts.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.